### STATE v. MANESS.

(Filed 8 December, 1926.)

**Criminal Law—Seduction—Statutes—Evidence—Unsupported Testimony of Prosecutrix.**

In order to convict of the felony prescribed by C. S., 4339, the testimony of the prosecutrix must be supported by other legal evidence of facts and circumstances as to the carnal knowledge, etc.

APPEAL from *Finley, J.,* and a jury, at August Term, 1926, of MOORE. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*H. F. Seawell and Herbert Seawell, Jr., for defendant.*

PER CURIAM. Defendant was indicted under C. S., 4339, which is as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict: *Provided further,* that marriage between the parties

shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant, it shall operate as to the costs of the case as a plea of *nolo contendere,* and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same."

There were three elements to this crime: (1) The carnal intercourse; (2) with an innocent and virtuous woman; (3) induced by promise of marriage.

"The statute, however, has this proviso: *'Provided,* the unsupported testimony of the woman shall not be sufficient to convict.' There are three essentials to the conviction. All the elements must be proved by supporting testimony." *S. v. Doss,* 188 N. C., p. 214; *S. v. Crook,* 189 N. C., p. 545.

In *S. v. Ferguson,* 107 N. C., at p. 850-1, it is held: "The crime does not consist in the sexual intercourse, nor in the seduction, nor in the innocence and virtue of the woman, but in committing the act under promise of marriage, without which no crime is created by the statute, and which alone makes the seduction criminal, and in this it is not sufficient that the prosecutrix shall be corroborated, but she must be supported by independent facts or circumstances."

Under the facts in the present case, we do not think the prosecutrix supported by independent facts or circumstances, as to the carnal intercourse. The record shows the defendant is 27 years old and the prosecutrix is 40 years old. No child was born of the intercourse. There is no evidence in the record in which her testimony is supported by independent facts or circumstances, as is required by the statute. There must be a

New trial.